COOKS, J.,
dissenting.
1,1 do not agree with the majority’s decision to affirm. The result of the trial court’s ruling, if allowed to stand, disregards the true intent of the parties. Their intent was for Kendrick to pay Shirley 47% of his retirement benefits for as long as Shirley lived, provided she did not remarry. She is still alive and has not remarried. Further, Shirley has a vested ownership interest in a portion of Kendrick’s retirement. In this case, Kendrick was bound by the contract created through the community property partition. To allow Kendrick to get out of this agreement by re-designating the classification of benefits affirms his announced intent not to honor the community property agreement. Therefore, I would reverse the trial court’s judgment.